BENJAMIN B. WAGNER
United States Attorney
HEATHER MARDEL JONES
Assistant United States Attorney
United States Courthouse
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 1:11-CV-01445-LJO-BAM |
| Plaintiff, | **STIPULATION FOR VOLUNTARY DISMISSAL WITH PREJUDICE RE: DEFENDANT APPROXIMATELY $50,000.00 SEIZED FROM THE CORRESPONDENT BANK ACCOUNT OF NATIONAL AGRICULTURAL COOPERATIVE FEDERATION; CERTIFICATE OF REASONABLE CAUSE; ORDER THEREON** |
| v. | |
| APPROXIMATELY $296,000.00 SEIZED FROM JP MORGAN CHASE BANK NATIONAL ASSOCIATION, THE CORRESPONDENT BANK FOR KOREA EXCHANGE BANK ACCOUNT NUMBER 006290094519, and | |
| APPROXIMATELY $50,000.00 SEIZED FROM JP MORGAN CHASE BANK NATIONAL ASSOCIATION, THE CORRESPONDENT BANK FOR NATIONAL AGRICULTURAL COOPERATIVE FEDERATION ACCOUNT NUMBER 006550294616[1], | |
| Defendants. | |

It is hereby stipulated by and between plaintiff United States of America and

National Agricultural Cooperative Federation (hereafter "NACF[1]"), by and through

---

[1] The defendant USD $50,000.00 was originally wired into NACF's Bank of America account number 006550294616. However, upon seizure, the funds were removed from NACF's J.P. Morgan Chase account number 0011544582.

Stipulation for Voluntary Dismissal Re: Defendant
1   Approximately $50,000.00; Order Thereon

their respective counsel of record, as follows:

    1.    This is a civil forfeiture action against the defendant approximately $296,000.00 seized from JP Morgan Chase Bank National Association, the correspondent bank for Korea Exchange Bank account number 006290094519, and the defendant approximately $50,000.00 seized from JP Morgan Chase Bank National Association, the correspondent bank for National Agricultural Cooperative Federation account number 006550294616 (hereafter collectively "defendant funds") seized on or about March 30, 2011 and April 7, 2011, respectively, pursuant to the execution of a seizure warrant issued by the United States Magistrate Judge of this Court.

    2.    The defendant USD $50,000.00 seized from NACF reflects specific amounts as follows:

| Date | Amount | Recipient | Account # |
|---|---|---|---|
| July 10, 2006 | $45,000.00 | Chang Sik Min (a.k.a. Chang Shik Min) | **0403 |
| July 24, 2006 | $5,000.00 | Gan Ran Park | **6830 |

    3.    A Verified Complaint for Forfeiture *In Rem* ("Complaint") was filed on August 26, 2011, alleging that said defendant funds are subject to forfeiture to the United States of America pursuant to 18 U.S.C. §§ 981(a)(1)(A), 981(a)(1)(C), and 981(k).

    4.    On August 31, 2011, the Clerk issued a Warrant for Arrest for the defendant funds. The warrant for the defendant funds was duly executed on October 7, 2011.

    5.    Beginning on September 23, 2011, for at least 30 consecutive days, the United States published notice of this action on the official government forfeiture site www.forfeiture.gov. A Declaration of Publication was filed on October 27, 2011.

    6.    In addition to the public notice on the official internet government forfeiture site www.forfeiture.gov, actual notice or attempted notice was given to

1  the following entities and individuals with a suspected potential interest in the
2  defendant USD $50,000.00:

      a.    Brent J. Gurney, attorney for NACF
      b.    Chang Sik Min
      c.    Gan Ran Park

7.    No parties have filed claims or answers in this matter, however the time in which any person or entity may file a claim and answer has not yet expired.

8.    NACF asserts that pursuant to 18 U.S.C. § 981(k)(4)(B)(ii)(II), it has a legal and equitable interest in the seized defendant USD $50,000.00.

9.    NACF cooperated with the United States in the resolution of this matter. The United States, based on the representations made by NACF and the documents provided by NACF, is satisfied that NACF has, by a preponderance of the evidence, established that prior to the seizure it had discharged all or part of its obligation to the prior owners of the seized defendant USD $50,000.00, pursuant to 18 U.S.C. § 981(k), such that at the time of the above-referenced seizure, NACF had discharged all or part of their obligation to the prior owners of the seized defendant USD $50,000.00, as follows:

| Recipient | USD on Account with NACF as of April 7, 2011 |
|---|---:|
| Chang Sik Min (a.k.a. Chang Shik Min) | $13.09 |
| Gan Ran Park | $56.51 |

10.    As such, and pursuant to 18 U.S.C. § 981(k)(4)(B)(ii)(II), USD $49,930.40 of the seized defendant USD $50,000.00 was property owned by NACF.

11.    Upon return to NACF of the defendant USD $50,000.00, the parties intend for all claims related to the NACF seizure to be fully and finally resolved, and hereby stipulate to the following:

    a.    Upon full execution of this Stipulation For Voluntary Dismissal, but no sooner than 45 days thereafter, the defendant USD $50,000.00 seized from the correspondent bank account of NACF, shall be returned to NACF.

    b.    NACF hereby releases United States of America and its

1  servants, agents, and employees and all other public entities, their servants, agents,
2  and employees, from any and all liability arising out of or in any way connected
3  with the seizure, arrest, or forfeiture of the seized funds.  This is a full and final
4  release applying to all unknown and unanticipated injuries, and/or damages arising
5  out of said seizure, arrest, or forfeiture, as well as to those now known or disclosed.
6  The parties to this agreement agree to waive the provisions of California Civil Code
7  § 1542, which provides:

> **"A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."**

11       c.    Each party represents, and the parties agree, that no party
12  substantially prevailed in this action within the meaning of 28 U.S.C. § 2465.
13       d.    Each party represents, and the parties agree, that there was
14  probable cause for arrest and seizure of the seized funds, and for the
15  commencement and prosecution of this forfeiture action, and that the Court should
16  enter a certificate of reasonable cause pursuant to 28 U.S.C. § 2465.
17       e.    Nothing in this Stipulation shall be construed as an admission
18  of liability, fault, or wrongdoing by any party.
19       f.    Each party shall bear its own costs and attorneys fees.
20       g.    The parties and their undersigned attorneys agree to execute
21  and deliver such other and further documents as may be required to carry out the
22  terms of this Stipulation.
23       h.    Each person signing this Stipulation warrants and represents
24  that it possesses full authority to bind the party on whose behalf it is signing to the
25  terms of the Stipulation.
26       i.    Each party warrants and represents that no promises,
27  inducements, or other agreements not expressly contained herein have been made;
28  that this Stipulation contains the entire agreement between the parties; and that

1 the terms of this Stipulation are contractual and not mere recitals.  All prior oral
2 understandings, agreements, and writings are superseded by this Stipulation and
3 are of no force or effect.

4       j.      This Stipulation may not be altered, amended, modified, or
5 otherwise changed in any respect, except by a writing duly executed by the party to
6 be charged.

7       l.      Each party represents that it understands the content of this
8 Stipulation and enters it voluntarily, and has not been influenced by any person
9 acting on behalf of any other party.

10       m.      Notwithstanding the resolution or entry of a Final Judgment of
11 Forfeiture as to the remaining defendant assets, the parties hereby stipulate that
12 the U.S. District Court for the Eastern District of California shall retain jurisdiction
13 to enforce the terms of this compromise settlement.

14       n.      In the event the United States becomes aware that NACF has
15 misrepresented the extent to which it has discharged the obligation to the recipients
16 of the funds, then the United States may, at its option, (1) be released from all of its
17 obligations under this Stipulation, and/or (2) may seek to forfeit an equivalent
18 amount of funds representing the actual amount for which NACF had not
19 discharged its obligation to the prior owners of the funds by April 7, 2011.  In such
20 event, NACF shall consent to the forfeiture of such funds and shall indemnify the
21 United States for any costs and damages as a result of its nondisclosure or
22 misrepresentation.

23       o.      If necessary, this Stipulation shall be redacted to prevent the
24 public disclosure of personal identification information, including banking account
25 numbers and the name(s) of bank account holders.

26   12.      The parties stipulate that the defendant USD $50,000.00 in the
27 pending action shall be dismissed with prejudice pursuant to Rule 41(a)(2) of the
28 Federal Rules of Civil Procedure.

1  13. The pending action, and with regard to the remaining defendant funds,
2  is otherwise unaffected by this stipulation.

3  Dated: December 20, 2011            BENJAMIN B. WAGNER
                                       United States Attorney
4

5                              By:    /s/ Heather Mardel Jones
                                       HEATHER MARDEL JONES
6                                      Assistant U.S. Attorney

7
   Dated: December 20, 2011             /s/ Brent J. Gurney
8                                       BRENT J. GURNEY
                                        WILMER HALE
9                                       Attorneys for NACF
                                        (Original signature retained by attorney)
10

11                              **ORDER**

12  The defendant approximately USD $50,000.00 seized from JP Morgan Chase
13  Bank National Association, the correspondent bank for National Agricultural
14  Cooperative Federation account number 006550294616 is hereby dismissed from
15  this action with prejudice. **The clerk is directed not to close this action.**

16  Dated: December 21, 2011             /s/ Lawrence J.O'Neill
                                         LAWRENCE J. O'NEILL
17                                       United States District Judge

18

19                    CERTIFICATE OF REASONABLE CAUSE

20  Based upon the allegations set forth in the Complaint for Forfeiture *In Rem*
21  filed August 26, 2011, and the Stipulation for Voluntary Dismissal with Prejudice
22  filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28
23  U.S.C. § 2465, holding that there was reasonable cause for the arrest of the
24  defendant approximately USD $50,000.00 seized from JP Morgan Chase Bank
25  National Association, the correspondent bank for National Agricultural Cooperative
26  Federation account number 006550294616, and for the commencement and
27  / / /
28  / / /

1  prosecution of this forfeiture action.

2        IT IS SO ORDERED.

3  **Dated:   December 21, 2011**           /s/ Lawrence J. O'Neill
                                                         UNITED STATES DISTRICT JUDGE