# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> APPROXIMATELY $296,000.00 IN U.S. ) <br> CURRENCY, ) <br> ) <br> Defendant. ) <br> ) | 1:11-cv-1445 LJO BAM <br><br> **FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S *EX PARTE* APPLICATION FOR DEFAULT JUDGMENT** <br><br> (Document 30) |

In this civil forfeiture action, Plaintiff United States of America ("Government") seeks (1) default judgment against the interests of Barun Law, Chong Sin Theological Seminary, Han Sik Kim, Byung Hyun Lee, Seo Ae Sook, and Seo Bu Young Lark Presbyterian Church in approximately $52,120.19[1] and (2) entry of a final forfeiture judgment to vest in the Government all right, title and interest in the defendant currency. No opposition to the Government's motion has been filed, and the time to file an opposition has expired. The Court deemed the matter suitable for decision without

---

[1] While the Government originally seized $296,000.00 of fraudulently obtained funds from the correspondent account of Korea Exchange Bank, the instant default motion pertains only to the remaining $52,120.19 of the seized defendant funds. The balance of defendant funds have been returned pursuant to 18 U.S.C. § 981(k).

1

oral argument pursuant to Local Rule 230(g), and vacated the hearing scheduled for July 13, 2012. (Doc. 31). For the reasons set forth below, Plaintiff's application for default judgment and for final judgment of forfeiture is **GRANTED.**

Having considered the moving papers, and all written materials submitted, the Court recommends that the District Court grant the Government default judgment, enter final forfeiture judgment to vest in the Government all right, title and interest in the Defendant Currency, and order the Government, within ten (10) days of service of an order adopting these findings and recommendations, to submit a proposed default and final forfeiture judgment consistent with these findings and recommendations.

## I. FACTUAL BACKGROUND

The facts giving rise to this action are set out in detail in the Complaint.[2] Between February 2009 and February 2010, the United States Department of Homeland Security Immigration and Customs Enforcement ("ICE") conducted an investigation of Kwan Yong Choi, aka Daniel Choi ("Choi"), based on suspicions that Choi was running multiple fraud schemes beginning on or before July 7, 2005, and continuing until Choi was deported to South Korea on June 23, 2006.

Beginning no later than July 2005, Choi came in contact with multiple persons, nearly all of whom were Korean nationals, and approached them with different, fraudulent, investment opportunities. In order to make the investment opportunities appear to be legitimate, Choi misrepresented himself as either a pastor, a U.S. Government official, or a businessman in charge of Sunmin Trading, Inc.[3] Choi promised all of his victims great profits ranging from a 5, 10, 15 or 20% return on their investments every three months. Choi collected the investments in forms of cash, checks, and bank wires and deposited the funds directly into Bank of America business account number ***9021 dba "Sunmin Trading, Inc." (hereafter "Sunmin Account") or into a personal Bank

---

[2] These facts were derived from the Government's application and from the Court's records.

[3] The Complaint alleges that Sunmin Trading, Inc. is a company name without any connections to any legitimate existing business.

2

of America account number ***838 (hereafter "BoA838"). In all, the investigation discovered at least 14 known individuals who were victims of Choi's scheme and were defrauded of at least $2,638,542.

Choi placed the fraudulently obtained victim funds into the Sunmin Account and his personal BoA838 account and then transferred the funds into other accounts, specifically Bank of America personal bank account ***575 (hereafter "BoA575") and Bank of America personal bank account ***159 (hereafter "BoA159"). Review of the bank records for BoA575 and BoA159 determined that these accounts were controlled by Choi and his wife Bok Hee Ee (hereinafter "Ee"). Further review of the bank records determined that the fraudulently obtained funds were directly wired to multiple Korean bank accounts.

Between June 2006 and July 2006, BoA575 received fraudulently obtained funds from the Sunmin Account, totaling approximately $267,000. Those funds were then used to fund eight international outgoing wire transfers totaling $250,000. Between July 2006 and April 2007, BoA159 received fraudulently obtained funds from the Sunmin Account, totaling approximately $151,250. Those funds were then used to fund six international outgoing wire transfers totaling $146,000. After Choi's arrest on June 10, 2006 and his subsequent extradition to Korea on June 23, 2006, the fraudulently obtained funds in BoA575 and BoA159 were used to fund fourteen international outgoing wire transfers totaling $396,000.[4] Information received confirms that all transactions were conducted at a Bank of America branch in Fresno, California and all were initiated by Choi's wife, Ee.

## II. PROCEDURAL BACKGROUND

On August 26, 2011, the Government filed its complaint for forfeiture *in rem*, alleging that $52,120.19 in U.S. currency ("Defendant Currency") was subject to forfeiture to the Government

---

[4] Although, $396,000.00 of fraudulently obtained victim funds funded the 14 subject wires, the instant case was filed only against the defendant funds of $296,000.00 seized from the correspondent account of Korea Exchange Bank, and $50,000.00 seized from the correspondent account of National Agricultural Cooperative Federation.

under 18 U.S.C. § 981(a)(1)(C) because it was derived from proceeds traceable to one or more violations of 18 U.S.C. § 1956 &1957 (money laundering). On August 31, 2011, based on the allegations of the amended complaint, the Clerk of the Court issued a Warrant for Arrest of Articles *In Rem* for the Defendant Currency. (Doc. 3). The warrant was executed on October 19, 2011. (Doc. 9).

On September 6, 2011, this Court authorized publication of the forfeiture action via the internet forfeiture website www.forfeiture.gov for at least thirty days. According to the Government's Declaration of Publication, a Notice of Civil Forfeiture was published on the official government internet site (www.forfeiture.gov) for thirty days beginning on September 23, 2011.

On September 22, 2011, Chan Sik Ahn, attorney for Korea Exchange Bank was served with notice of this action by certified mail.

To date, none of the potential claimants: Barun Law, Chong Sin Theological Seminary, Han Sik Kim, Byung Hyun Lee, Seo Bu Young Lark Presbyterian Church, Seo Ae Sook, nor any other potential claimant, filed an answer or otherwise defended the action. The Clerk entered default as to all potential claimants. Default was entered as to Barun Law on February 6, 2012, and as to Chong Sin Theological Seminary, Han Sik Kim, Byung Hyun Lee, Seo Bu Young Lark Presbyterian Church, Seo Ae Sook on May 14, 2012. The Government moved for Default Judgment on June 12, 2012.

## DISCUSSION

### I. Sufficiency of the Complaint

The Government contends that the allegations set forth in the Verified Complaint for Forfeiture *In Rem* and the facts cited "provide ample grounds" for forfeiture of the Defendant Currency. (Doc. 30 at 11-12). A complaint's sufficiency is a factor to consider when deciding whether to grant default judgment. *Eitel v. McCool*, 782 F.2d 1470, 1471-1472 (9th Cir. 1986). Money or other things of value are subject to forfeiture if they are derived from proceeds traceable to one or more violations of 18 U.S.C. §§ 1956, 1957 (money laundering). 18 U.S.C. § 981(k).

The Government's verified complaint alleges that the Defendant Currency was involved in a transaction or attempted transaction in violation of 18 U.S.C. §§ 1956, 1957 (money laundering). The complaint meets the requirements of Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure, in that it is verified; states the grounds for subject matter jurisdiction, in rem jurisdiction, and venue; describes the property seized and the circumstance of its seizure; and identifies the relevant statutes. In the absence of assertion of interests in the Defendant Currency, this Court is not in a position to question the facts supporting its forfeiture. As alleged, the facts set forth a sufficient connection between the Defendant Currency and money laundering to support a forfeiture.

II.     **Notice Requirements**

The Fifth Amendment's Due Process Clause prohibits the Government from deprivation of property without "due process of law." Individuals whose property interests are at stake are entitled to "notice and an opportunity to be heard." *United States v. James Daniel Good Real Property*, 510 U.S. 43, 48, 114 S. Ct. 492 (1993). The Government contends that it provided required notice for the forfeiture of the Defendant Currency.

   A.     **Notice by Publication**

Supplemental Rule G(4) sets forth the rules for publication of the notice of action in federal forfeiture proceedings. Rule G(4)(a)(iv)(C) provides that in lieu of newspaper publication, the Government may publish notice "by posting notice on an official internet government forfeiture site for at least 30 consecutive days." Local Admiralty and *In Rem* rules further provide that the Court shall designate by order the appropriate newspaper or other vehicle for publication. *See* Local Rules 171 & 530.

On September 6, 2011, this Court authorized publication of the forfeiture action via the internet forfeiture website at www.forfeiture.gov for at least thirty (30) days. (Doc. 6). On October 19, 2011, the Government filed its Declaration of Publication. (Docs. 7,8).

   B.     **Personal Notice**

When the Government knows the identity of the property owner, due process requires "the Government to make a greater effort to give him notice than otherwise would be mandated by

publication." *United States v. Real Property*, 135 F.3d 1312, 1315 (9th Cir. 1998). In such cases, the Government must attempt to provide actual notice by means reasonably calculated under all circumstances to apprise the owner of the pendency of the forfeiture action. *Dusenbery v. United States*, 534 U.S. 161, 168 (2002) (quotations omitted). *See also Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 315 (1950) (requiring such notice "as one desirous of actually informing the absentee might reasonably adopt to accomplish it"). "Reasonable notice, however, requires only that the government attempt to provide actual notice; it does not require that the government demonstrate that it was successful in providing actual notice." *Mesa Valderrama v. United States*, 417 F.3d 1189, 1197 (11th Cir. 2005).

Supplemental Rule G(4)(b) mirrors this requirement, providing for notice to be "sent by means reasonably calculated to reach the potential claimant." Additionally, this Court's Local Rule 540 addresses notice to persons known to have an interest in property subject to forfeiture. The rule requires that a party seeking default judgment in an action *in rem* to show to the Court's satisfaction that due notice and arrest of the property has been given by: (1) publication; (2) by personal service on the person having custody of the property; (3) if the property is in the hands of a law enforcement officer, by personal service on the person having custody prior to its possession by law enforcement agency or officer; and (4) by personal service or certified mail, return receipt requested, to every other person who has not appeared in the action and is known to have an interest in the property; provided that failure to give actual notice to such other person may be excused upon a satisfactory showing of diligent efforts to give such notice without success. Local Rule 540(a).

Notwithstanding the Supplemental Rules and Local Rule 540(a), the Government provides sufficient notice if such notice complies with Federal Rule of Civil Procedure 4 requirements. *See* FED. R. CIV. P. 4(n)(1) (when a federal statute authorizes forfeiture, "[n]otice to claimants of the property shall then be sent in the manner provided by statute or by service of a summons under this rule").

In this case, the Government served the individual claimants with actual notice by certified mail, return receipt requested and through Chan Sik Anh, attorney for Korea Exchange Bank, as follows:

1. *Chong Sin Theological Seminary*

On or about September 22, 2011, copies of the complaint, arrest warrant, publication order and other related papers were served via first class and certified United States Mail to attorney Chan Sik Ahn in his capacity as an attorney and representative of the Korea Exchange Bank.

Further on October 19, 2011, copies of the above listed documents were sent by certified mail to Chong Sin Theological Seminary at 429-1 Dohwa-dong, Nam-gu, Incheon (402-060), Korea. (Doc. 22-1).

2. *Han Sik Kim*

On September 22, 2011, Chan Sik Ahn, attorney for Korea Exchange Bank, was served on behalf of Han Sik Kim with copies of the complaint, arrest warrant, publication order and other related papers were served via first class and certified United States Mail.

Further, on October 19, 2011, copies of the aforementioned documents were also sent by first class and certified mail to Han Sik Kim at 539-9 Gaejong-dong, Seo-gu, Incheon (404-230-), Korea. (Doc. 22-1).

3. *Byung Hyun Lee*

On September 22, 2011, Chan Sik Ahn, attorney for Korea Exchange Bank, was served on behalf of Byung Hyun Lee with copies of the complaint, arrest warrant, publication order and other related papers via first class and certified United States Mail.

Further, on October 19, 2011, copies of the aforementioned documents were also sent by first class and certified mail to Byung Hyun Lee at Sinsehwa Villa B-301, 499-24 Gajeong-dong, Seo-gu, Incheon (404-230), Korea. (Doc. 22-1).

4. *Seo Bu Young Lark Presbyterian Church*

On September 22, 2011, Chan Sik Ahn, attorney for Korea Exchange Bank, was served on behalf of Seo Bu Young Lark Presbyterian Church with copies of the complaint, arrest warrant, publication order and other related papers via first class and certified United States Mail.

Further, on October 19, 2011, copies of the aforementioned documents were also sent by first class and certified mail to Seo Bu Young Lark Presbyterian Church at 488-14 Seoknam 3-dong, Seo-gu, Incheon (404-223), Korea. (Doc. 22-1).

5. *Seo Ae Sook*

On September 22, 2011, Chan Sik Ahn, attorney for Korea Exchange Bank, was served on behalf Seo Ae Sook with copies of the complaint, arrest warrant, publication order and other related papers via first class and certified United States Mail.

6. *Barun Law/Kim Chang Lee*

On September 22, 2011, Chan Sik Ahn, attorney for Korea Exchange Bank, was served on behalf of Barun Law/Kim Chang Lee, with copies of the complaint, arrest warrant, publication order and other related papers via first class and certified United States Mail.

Further, on October 19, 2011, copies of the aforementioned documents were also sent by first class and certified mail to Barun Law/Kim Chang Lee at Medison Building 6f, 1003 Daechi 2-dong, Gangnam-gu, Seoul (135-173), Korea.  (Doc. 22-1).

Here, as noted previously, the Government completed service by publication and attempted personal service of the complaint, arrest warrant, publication order and other papers regarding this action upon both Chan Sik Ahn, attorney for Korea Exchange Bank, and the individual defendants at their last known addresses.  Although the Government was unable to personally serve Seo Ae Sook, by certified mail, the Court observes that the Government did make diligent attempts to afford notice in the instant case.  This is evident by the Government's attempt to supplement the notice mailing with notice by publication.  Pursuant to Supplement Rule G(4), the Government published notice of the forfeiture proceedings and demonstrated diligent efforts to serve the Korea Exchange Bank where Sook's money was held.

In sum, the government provided reasonable notice as to the Defendant Currency's forfeiture.

**C.  Failure to File Claim or Answer**

Supplemental Rule G(5) requires any person who asserts an interest in or right against the Defendant Currency to file a claim with the Court within 35 days after service of the Government's complaint or 30 days after the final publication of notice.  Supplemental R. G(4)(b) & (5).  Failure to comply with the procedural requirements for opposing the forfeiture precludes a person from establishing standing as a party to the forfeiture action.  *Real Property*, 135 F.3d at 1317.

There have been no claims filed by or on behalf of Chong Sin Theological Seminary, Han Sik Kim, Byung Hyun Lee, Seo Bu Young Lark Presbyterian Church, Seo Ae Sook, or Barun Law with respect to the claims in this action. The Clerk of Court properly entered defaults against Barun Law, Chong Sin Theological Seminary, Han Sik Kim, Byung Hyun Lee, Seo Bu Young Lark Presbyterian Church, Seo Ae Sook. (Docs. 18, 25-29).

### D.    Default Judgment

The Government seeks judgment against the interests of Barun Law, Chong Sin Theological Seminary, Han Sik Kim, Byung Hyun Lee, Seo Bu Young Lark Presbyterian Church, Seo Ae Sook, and final forfeiture judgment to vest in the Government all right, title and interest in the Defendant Currency.

The Supplemental Rules do not provide a procedure to seek default judgment in an action *in rem*. Supplemental Rule A provides: "The Federal Rules of Civil Procedure also apply to the foregoing proceedings except to the extent that they are inconsistent with these Supplemental Rules." Pursuant to the Federal Rules of Civil Procedure, default entry is a prerequisite to default judgment. Rule 55(a) of the Federal Rules of Civil Procedure governs entry of default. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Generally, the default entered by the clerk establishes a defendant's liability:

> Rule 55 gives the court considerable leeway as to what it may require as a prerequisite to the entry of a default judgment. The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.

*Televideo Systems, Inc. v. Heidenthal,* 826 F.2d 915, 917-918 (9th Cir. 1987) (internal citations & quotation marks omitted).

As noted above, the Government properly obtained default entries against the interests of Barun Law, Chong Sin Theological Seminary, Han Sik Kim, Byung Hyun Lee, Seo Bu Young Lark Presbyterian Church, Seo Ae Sook.

The Court, using its discretion, must then determine whether to grant or deny default judgment. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In exercising this discretion, the court considers the following factors: (1) the possibility of prejudice to the plaintiff if relief is

denied; (2) the substantive merits of plaintiff's claims; (3) the sufficiency of the claims raised in the complaint; (4) the sum of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy favoring decisions on the merits when reasonably possible. *See Eitel*, 782 F.2d at 1471-72.

Where a defendant has failed to respond to the complaint, the court presumes that all well-pleaded factual allegations relating to liability are true. *See Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977); *Televideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). Therefore, when determining liability, a defendant's default functions as an admission of the plaintiff's well-pleaded allegations of fact. *See Panning v. Lavine*, 572 F.2d 1386 (9th Cir. 1978).

Here, the *Eitel* factors set forth by the Ninth Circuit also favor the granting of the Government's ex parte motion for default judgment. First, the Government would be prejudiced by the denial of its motion because the Government would otherwise have to expend additional time and effort litigating an action in which no claimants have appeared. Second, the Government's claims appear to have merit. Third, as discussed above, the Government has adhered to the procedural requirements of a forfeiture action, including the filing of a sufficient complaint. Fourth, the sum of money in dispute here is not substantial enough to warrant the denial of the Government's motion. Fifth, there are no genuine disputes as to any material fact. Sixth, it does not appear that there is any risk of mistake or excusable neglect on the part of any party. And seventh, although it is always preferable to decide a case on its merits, such is not practicable in this case where no claimant has appeared to oppose the Government's claims.

Therefore, there is no impediment to default judgment sought by the Government.

### RECOMMENDATIONS AND ORDER

For the reasons discussed above, this Court **RECOMMENDS** to:

1. **GRANT** plaintiff United States of America default judgment against the interests of Barun Law, Chong Sin Theological Seminary, Han Sik Kim, Byung Hyun Lee, Seo Bu Young Lark Presbyterian Church, Seo Ae Sook in the Defendant Currency;

2. **ENTER** final forfeiture judgment to vest in Plaintiff United States of America all right, title and interest in the Defendant Currency in the amount of $52,120.19; and

3. **ORDER** Plaintiff United States of America, within ten (10) days of service of an order adopting the findings and recommendations, to submit a proposed default and final forfeiture judgment consistent with the findings and recommendations and order adopting them.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to Title 28 of the United States Code section 636(b)(1)(B) and this Court's Local Rule 304.  Within fourteen (14) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to Title 28 of the United States Code section 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.  1991).

IT IS SO ORDERED.

Dated:   **August 7, 2012**                              **/s/ Barbara A. McAuliffe**
                                                                     UNITED STATES MAGISTRATE JUDGE